## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RICHARD L. MARTIN, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:17-cv-08578 |
| SPEEDY CASH ILLINOIS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## <u>COMPLAINT</u>

**NOW COMES** Richard L. Martin ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Speedy Cash Illinois, Inc. ("SCI" or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as SCI conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Defendant SCI is a Nevada corporation with its principal place of business located at 3527 North Ridge Road, Wichita, Kansas 67205. SCI's registered agent in Illinois is National Registered Agents Inc. located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. SCI offers payday loan services and is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

7. In late 2016, Plaintiff obtained a personal loan from a SCI located in Chicago, Illinois in the amount of $400.00 ("subject debt").

8. Due to financial instability and job loss, Plaintiff subsequently defaulted on the subject debt.

9. Consequently, in early 2017, SCI began placing collection calls to Plaintiff's cellular telephone number (773) XXX-5569 attempting to collect on the subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5569. Plaintiff is and always has been financially responsible for this cellular phone and its services.

11. In January 2017, Plaintiff received a collection call on his cellular phone from SCI. When Plaintiff answered, he said "hello," to which there was no response for approximately 3 seconds. After the pause, an agent introduced them self as a representative of SCI calling to collect a payment on the subject debt.

12. Immediately after the calls began, Plaintiff answered the phone and advised Defendant that he is unable to make a payment on the subject debt and requested that Defendant cease placing calls to his cellular phone. Specifically, Plaintiff requested SCI to "stop calling me."

13. In April 2017, Plaintiff answered another phone call from SCI, this time demanding that SCI "stop blowing up my phone."

14. Notwithstanding Plaintiff's request that SCI cease placing calls to his cellular phone, SCI placed or caused to be placed no less than 29 harassing phone calls to Plaintiff's cellular phone ending in 5569 between January 2017 and the present day.

15. Plaintiff answered no less than 9 calls from Defendant, and in each answered call, demanded that Defendant cease its calls to Plaintiff's cellular telephone.

16. Plaintiff's demands that SCI's phone calls cease fell on deaf ears and SCI continued its phone harassment campaign attempting to dragoon a payment of the subject debt from Plaintiff.

17. Instead of ceasing calls to Plaintiff, SCI continued to harass and abuse Plaintiff by periodically calling several times in one day, up to 2 times in one day.

18. Upon information, belief, and in light of the frequency of the calls, SCI utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted and unsolicited calls to Plaintiff's cellular phone.

19. The telephone number ending in 5569 that SCI called was assigned to cellular services for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. §227(b)(1).

20. The calls SCI placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

**DAMAGES**

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, reduced work productivity, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. SCI placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

29. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

30. Upon information and belief, the predictive dialing system employed by SCI transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. SCI violated the TCPA by placing no less than 29 calls between January 2017 through the present day to Plaintiff's cellular phone, after Plaintiff demanded that SCI cease placing calls to his cellular phone during at least two of the phone calls he answered.

32. As pled above, Plaintiff was severely harmed by SCI's collection calls to his cellular phone.

33. Upon information and belief, SCI has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

34. Upon information and belief, SCI knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

35. SCI, through its agents, affiliates, representatives, vendors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

5

36. Pursuant to 47 U.S.C. §227(b)(3)(B), SCI is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), SCI's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff RICHARD L. MARTIN requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

37. Plaintiff restates and realleges paragraphs 1 through 24 as through fully set forth herein.

38. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

39. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

40. SCI is engaged in commerce in the State of Illinois with regard to Plaintiff. SCI offers loans and subsequently engages in the collection of those loans, which is an activity within the stream of commerce and utilized in its regular course of business.

41. SCI violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect the subject debt from Plaintiff.

### a. Unfairness

42. It was unfair for SCI to seek to collect from Plaintiff the subject debt through persistent harassing phone calls to his cellular phone attempting to coerce him into making a payment.

43. It was unfair for SCI to place or cause to be placed no less than 29 phone calls to Plaintiff's cellular phone between January 2017 through the present day, without his consent.

44. It was unfair for SCI to continue placing calls to Plaintiff after he demanded that the calls cease.

45. It was unfair for SCI to place calls from different number attempting to disguise their identity.

46. SCI's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the persistent harassing phone calls to his cellular phone.

47. Moreover, SCI's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy and nuisance.

48. Upon information and belief, SCI systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

49. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by SCI and is done on a large scale.

50. Moreover, SCI's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies that legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

51. As alleged above, Plaintiff was substantially harmed by SCI's misconduct.

52. An award of punitive damages is appropriate because SCI's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the harassing phone calls.

**WHEREFORE**, Plaintiff RICHARD L. MARTIN requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against SCI;

b. Award Plaintiff his actual damages in an amount to be determined at trial;

c. Award Plaintiff his punitive damages in an amount to be determined at trial;

d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 28, 2017                    Respectfully Submitted,

/s/ Marwan R. Daher                          /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                        Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                      *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                      Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200        2500 South Highland Avenue, Suite 200
Lombard, IL 60148                            Lombard, IL 60148
Telephone: (630) 537-1770                    Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                       osulaiman@sulaimanlaw.com